IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL A. SMITHBERG; KATIE L. SMITHBERG; AND THE CITY OF PLATTSMOUTH, NEBRASKA,<br><br>Defendants. | 8:19CV |

COMPLAINT

Comes now the Plaintiff by Joseph P. Kelly, United States Attorney for the District of Nebraska and Robert L. Homan, Assistant United States Attorney for this District, and for its cause of action alleges:

(1) This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

(2) Service may be made in the following manner:

(a) Defendant, Michael A. Smithberg, (Borrower), may be served by delivering a copy of the Summons and Complaint to him in Cass County, Nebraska, within the jurisdiction of this court.

(b) Defendant, Katie L. Smithberg, may be served by delivering a copy of the Summons and Complaint to her in Cass County, Nebraska, within the jurisdiction of this court.

(c) Defendant, City of Plattsmouth, Nebraska, may be served by delivering a copy of the Summons and Complaint to the Plattsmouth City Attorney, Stephen Preston, Welch Law Firm, 1299 Farnam Street, Suite 1220, Omaha, NE 68102.

1

(3) On or about January 28, 1997, the Defendant, Michael A. Smithberg, executed and delivered to the Plaintiff, United States of America, acting through the Farmers Home Administration, now the Rural Housing Service, an agency of the United States Department of Agriculture, a Promissory Note whereby he promised to pay to Plaintiff the sum of $66,280.00, with interest thereon at 7.25 percent per annum. As consideration of the Note, Plaintiff made a Rural Housing loan to the Defendant pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471 *et seq*.). A true and correct copy of the Note is attached as **Exhibit A**.

(4) At the same time and place and as part of the same transaction, to secure the payment of the Note, the Defendants, Michael A. Smithberg and Katie L. Smithberg, executed and delivered to the Plaintiff a purchase-money security interest in the form of a Real Estate Mortgage upon certain real estate in Cass County, Nebraska, within the jurisdiction of this court, to-wit:

> **Lot 14, Ideal Heights Addition to the City of Plattsmouth, Cass County, Nebraska.**

This Mortgage was recorded in the Office of the Register of Deeds of Cass County, Nebraska, on January 28, 1997 in Book 291, at Page 290. A true and correct copy of the Mortgage is attached as **Exhibit B**.

(5) Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the Real Estate Mortgage also secured the recapture of interest credit or subsidy granted to the Defendant, Michael A. Smithberg. The total amount of interest credit or subsidy subject to recapture is $41,947.10.

(6) On December 2, 2002, the Defendant Michael A. Smithberg, signed a reamortization agreement effective October 28, 2002, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $78,002.06 with interest at 7.25 percent per annum. A true and correct copy of the reamortization agreement is attached as **Exhibit C**.

(7) The Plaintiff is the owner and holder of the Promissory Note, Real Estate Mortgage, and reamortization agreement attached as **Exhibits A, B, and C**.

(8) The Defendant, Michael A. Smithberg, failed to pay to Plaintiff installments of principal and interest when due in violation of the provisions of the Note and Mortgage. The Plaintiff has accelerated the indebtedness and made demand for payment in full. No voluntary payment has been directly received from the borrower.

(9) The Defendants Michael A. Smithberg and Katie L. Smithbeg filed for relief in Chapter 7 bankruptcy in the U.S. Bankruptcy Court, District of Nebraska in Petition Number 01-43235-TJM on December 18, 2001. The Court granted a discharge on April 4, 2002 and the Case was closed on April 4, 2002. The Defendants Michael A. Smithberg and Katie L. Smithberg executed a Reaffirmation Agreement which was filed as Document No. 14 on or about March 14, 2002.

(10) The Borrower, Michael A. Smithberg, owes, pursuant to the provisions of the Promissory Note and Real Estate Mortgage, reamortization agreement and reaffirmation agreement, a balance of $154,864.90, which includes $84,599.61 in principal (which includes $66,406.43 in unpaid principal, $17,017.40 in advances, $45.48 in late charges, and $1,130.30 in escrow and any other recoverable costs); and $28,318.19 in total interest (including $25,048.43 in interest on principal and $3,269.76 in interest on advances), as of July 10, 2018, plus interest accruing thereafter at the daily rate of $16.5707 (including $13.1903 in daily interest on principal and $3.3804 in daily interest on advances); and $41,947.10 in interest credit or subsidy subject to recapture.

(11) No other action has been brought for the recovery of the balance due.

(12) The Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq.*

(13) The following Defendants may claim an interest in the security property:

(a) The Defendant, Katie L. Smithberg, may claim a marital interest.

(b) The Defendant, City of Plattsmouth, Nebraska may claim an interest pursuant to a Deed of Trust in its favor dated July 25, 2011, recorded on December 19, 2011 in Book 643 at Page 11.

(14) The interests of all the Defendants are junior and inferior to the interests of the Plaintiff.

(15) None of the Defendants have a right to redemption after foreclosure sale herein.

WHEREFORE, the Plaintiff demands judgment against the mortgaged property in the amount of $154,864.90, which includes $84,599.61 in principal (which includes $66,406.43 in unpaid principal, $17,017.40 in advances, $45.48 in late charges, and $1,130.30 in escrow and any other recoverable costs); and $28,318.19 in total interest (including $25,048.43 in interest on principal and $3,269.76 in interest on advances), as of July 10, 2018, plus interest accruing thereafter at the daily rate of $16.5707 (including $13.1903 in daily interest on principal and $3.3804 in daily interest on advances); and $41,947.10 in interest credit or subsidy subject to recapture.

The Plaintiff further demands that its Mortgage be declared a first and paramount lien on the real estate described therein and that such advances as the Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding to be allowed as a first and prior lien on the security.

The Plaintiff further demands that all legal right, title and interest which said Defendants have in the real estate be sold at public sale, without redemption, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that the sale be subject to any unpaid real estate taxes or special assessments, and that the sale proceeds be applied in the following order:

(1)   Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)   The costs of the sale and of this action;

(3)   The interest accruing on the Plaintiff's judgment against the mortgaged property;

(4)   The Plaintiff's judgment against the mortgaged property;

(5)   The balance, if any, be brought into this Court to await its further order.

The Plaintiff further demands that all right, title and interest in and to the real estate of the Defendant, Michael A. Smithberg, and of all persons claiming by, through or under him to be decreed to be junior and inferior to the Plaintiff's Mortgage and be absolutely barred and foreclosed.

If the purchaser of the real estate be denied possession, the Plaintiff prays that upon the filing of a proper Praecipe, this Court issue a Writ of Assistance and without further order of this Court place the purchaser of the real estate in peaceable possession.

                UNITED STATES OF AMERICA,
                Plaintiff
                JOSEPH P. KELLY
                United States Attorney for the
                District of Nebraska

By:   /s/ Robert L. Homan
      ROBERT L. HOMAN, #18580
      Assistant United States Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  402-661-3700
      Fax:  402-661-3086
      E-mail:  robert.homan@usdoj.gov

Of Counsel:

Office of General Counsel
U.S. Department of Agriculture, Rural Development
Beacon Facility – Mail Stop 1401
P.O. Box 419205
Kansas City, MO  64141-6205
Tel:  (816) 823-4646
Fax:  (816) 823-4688

REQUEST FOR PLACE OF TRIAL

      The United States hereby requests that trial of the above-entitled matter be held in the City of Omaha, Nebraska.

                      /s/ Robert L. Homan
                      ROBERT L. HOMAN

Form FmHA 1940-16　　　　　　　　**PROMISSORY NOTE**
(Rev. 4-91)

| TYPE OF LOAN | |
|---|---|
| 502 Rural Housing | |

| STATE |
|---|
| NEBRASKA |
| COUNTY |
| CASS |
| CASE NO. |
| ▓▓▓▓▓▓▓96 |

Date __1-28__, 19_97_.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in __Syracuse, Ne.__

_____,

THE PRINCIPAL SUM OF __SIXTY SIX THOUSAND TWO HUNDRED EIGHTY AND NO/100----------------__

DOLLARS ($ __66,280.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

__SEVEN AND ONE QUARTER----__ PERCENT ( __7.25__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.　Principal and Interest payments shall be deferred. The interest accrued to _____, 19____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.　Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19____, through _____, 19____, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.　Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __442.00__ on __February 28__, 19 _97_, and

$ __442.00__ thereafter on the __28th__ of each __Month__ until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __Thirty-three__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Position 2　　　**EXHIBIT A**　　　FmHA 1940-16 (Rev. 4-91)

Presentment, protest, and notice are hereby waived.

_Michael Smithberg_ (SEAL)
MICHAEL SMITHBERG   (BORROWER)

_____ (SEAL)
(CO-BORROWER)

_____

_Plattsmouth, Ne. 68048_

| RECORD OF ADVANCES |||||||
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 66,280 | 1-28-97 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 66,280.00 | 1-28-97 |

*U.S. Government Printing Office: 1993 — 755-049/80506

Position 2                                    FmHA 1940-16 (Rev. 4-91)

FILED FOR RECORD 1-28-97 AT 2:38 P.M.
IN BOOK 291 or Mtg PAGE 290
REGISTER OF DEEDS, CASS CO., NE Patricia Meisinger
Doc #391   $20.50

USDA-RECD
Form FmHA 1927-1 NE
(Rev. 10-95)

Position 5

# REAL ESTATE MORTGAGE FOR NEBRASKA

THIS MORTGAGE is made and entered into by __Michael Smithberg AND KATIE L. SMITHBERG, HUSBAND AND WIFE,__

residing in __Cass__ County, Nebraska, whose post office address is __Plattsmouth, Ne.__, Nebraska __68048__,
herein called "Borrower," and the United States of America, acting through the United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory notes or assumption agreements or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 1-28-97 | $66,280.00 | 7.25% | 1-28-2030 |

(The interest rate for limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in the Government's regulations or the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute administered by the Government.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loans and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by the Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, convey and assign, with general warranty, unto the Government the following property situated in the State of Nebraska, County(ies) of __Cass__

Lot 14, Ideal Heights Addition to the City of Plattsmouth, Cass County, Nebraska

FmHA 1927-1 NE (Rev. 10-95)

EXHIBIT
B

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Government.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and all taxes and assessments levied upon this mortgage or the note or any indebtedness hereby secured or against any legal holder hereof or of the note or of said indebtedness under the laws of Nebraska, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any rights, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided in 7 C.F.R. part 1940, subpart G, exhibit M.

(18) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(19) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(20) Borrower agrees that the Government will not be bound by any present or future State law, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(21) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial status, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial status, age or national origin.

(22) This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government at Lincoln, Nebraska 68508, and in the case of Borrower at the address shown in the Finance Office records (which normally will be the same as the post office address shown above).

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) this _____28TH_____ day of _____JANUARY_____, 19 __97__.

_/s/ Michael Smithberg_
MICHAEL SMITHBERG (Borrower)

_/s/ Katie Smithberg_
KATIE L. SMITHBERG ~~xBorrower~~

STATE OF NEBRASKA } ss:
COUNTY OF __CASS__

**ACKNOWLEDGMENT**

On this __28TH__ day of __JANUARY__ A.D., 19 __97__, before me, a Notary Public in and for said County, personally appeared __MICHAEL SMITHBERG__ and __KATIE L. SMITHBERG__ to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that __THEY__ executed the same as __THEIR__ voluntary act and deed.

_/s/ Wendy K Walker_
Notary Public

(SEAL)

```
GENERAL NOTARY-State of Nebraska
WENDY K. WALKER
My Comm. Exp. Oct. 20, 1999
```

My commission expires _____

☆ U.S. Government Printing Office: 1995-756-044



# REAMORTIZATION AGREEMENT

Account Number                              Effective Date
▇▇▇▇5                                       October 28, 2002

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $    66280.00, plus interest on the unpaid principal of 7.25000% per year, executed by <u>MICHAEL SMITHBERG</u>                    and
_____, (Borrower) dated    January 28,  1997
and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $    78002.06.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  7.25000% per annum at $      547.67 per month beginning  November 28, 2002 and on the 28th day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on
   January 28, 2030.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Housing Service will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

**EXHIBIT C**

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date 12-2-02
Borrower

_____ Date _____
Borrower

12/2/02

GENERAL NOTARY - State of Nebraska
PATRICIA M. NEU
My Comm. Exp. Dec. 10, 2005